**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3808-16T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

QUAM M. WILSON, a/k/a
WILSON G,

     Defendant-Appellant.

_____

Submitted September 24, 2018 – Decided October 12, 2018

Before Judges Messano and Rose.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Indictment Nos. 11-07-1334, 12-03-0429, 12-03-0432 and 12-03-0436.

Joseph E. Krakora, Public Defender, attorney for appellant (Kevin G. Byrnes, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Mary R. Juliano, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Quam Wilson appeals from a December 21, 2016 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

We discern the salient facts and procedural history from the record on appeal. Between July 2011 and March 2012, defendant was charged with various drug and weapons offenses in multiple counts of four separate Monmouth County indictments. On April 9, 2012, pursuant to a negotiated plea agreement, defendant pled guilty to one count of each indictment: count nineteen of Indictment No. 11-07-1334 charging him with second-degree certain persons not to have a firearm (certain persons), N.J.S.A. 2C:39-7(b)(1); count two of Indictment No. 12-03-0429, charging him with third-degree possession of heroin with intent to distribute, N.J.S.A. 2C:35-5(b)(3); count three of Indictment No. 12-03-0432, charging him with third-degree distribution of heroin, N.J.S.A. 2C:35-5(b)(3); and count one of Indictment No. 12-03-0436, charging him with third-degree possession of cocaine, N.J.S.A. 2C:35-5(10)(a)(1). The State agreed to recommend a seven-year term of imprisonment with five years of parole ineligibility, pursuant to N.J.S.A. 2C:39-7(b)(1), on

2

count nineteen to run concurrently with five-year concurrent terms of imprisonment on each of the drug counts. The State also agreed to dismiss the remaining counts of each indictment.

Represented by assigned counsel at the plea proceeding, defendant testified he was pleading guilty of his own free will, he was satisfied with his attorney's services, he understood he had a right to trial and he was waiving that right. Defendant provided a separate factual basis for each of his guilty pleas. Pertinent to this appeal, regarding the certain persons offense, defendant admitted he placed a gun in his bedroom "[i]n between [his] clothes[,]" having been previously convicted of burglary in 2011.

Prior to sentencing before a different judge, defendant retained private counsel who filed a motion to withdraw defendant's guilty plea pursuant to State v. Slater, 198 N.J. 145 (2009) (Slater motion). In essence, defendant claimed he was not guilty of the certain persons offense because the gun belonged to his godmother. Defendant also asserted that he was coerced to plead guilty because the police told him that if he did not admit ownership of the weapon, "his [g]odmother would lose her children . . . to protective services." He also claimed plea counsel did not file motions to suppress evidence and his statements because she thought the motions lacked merit. Finally, defendant

claimed plea counsel did not provide him with discovery pertaining to his conversations with the police. Defendant did not challenge his guilty pleas to the three drug offenses.

In a thorough, well-reasoned oral decision, the motion judge analyzed the Slater factors and denied the motion. Relevant here, the judge found:

> [Defendant] does not provide any facts which would support a conclusion that he was misadvised by his attorney or that would provide a basis to conclude such motions, if filed and heard, would have resulted in the suppression of any evidence or statements.
>
> In fact, other than making clear that he and his attorney discussed the merits of filing of such motions, he does not offer any direct argument or assertion that he's entitled to a withdrawal of his plea because his attorney held such an opinion regarding the motions or communicated the opinion to him.
>
> He does not provide any facts or argument that his attorney's advice regarding the motions was incorrect. He does not provide any facts or argument that such possible motions had substantive merit or would have been granted or would have made any difference in his decision to enter his pleas of guilty.
>
> Again, his limited recitation of the facts related to those possible motions simply confirms that he and his attorney discussed the motions, and that it was his attorney's opinion that such motions lack merit and as a result the motions were not filed.
>
> Most simply stated with regard to Mr. Wilson's reference to those possible motions, his certification

and legal argument asserted in his counsel's brief do not address any of the factors set forth in Slater as they might relate to those motions. With regard to his reference to those possible motions, Mr. Wilson simply fails to meet his burden of demonstrating that there is anything about them which would support his request to withdraw his guilty plea.

After he denied defendant's motion, the judge imposed the sentence recommended by the State.

Defendant filed a direct appeal, seeking a remand for evidentiary hearings regarding his motion to withdraw his guilty plea and a reweighing of the aggravating and mitigating sentencing factors. He also sought additional jail credits pursuant to State v. Hernandez, 208 N.J. 24 (2011). An excessive sentencing panel affirmed his judgment and sentence, but remanded to the trial court to award additional jail credits on Indictment No. 11-07-1334. State v. Wilson, No. A-4490-12 (App. Div. Jan. 14, 2014). Defendant did not petition the Supreme Court for certification.

Defendant then filed a pro se PCR petition, alleging ineffective assistance of his plea counsel on several grounds: "failure to vigorously pursue and attain a favorable plea bargain"; "failure to disclose co-defendants['] plea agreement"; "failure to vigorously pursue a drug program"; and failure to move to suppress evidence regarding the certain persons offense. Defendant subsequently filed

A-3808-16T4

an amended petition, with the assistance of appointed PCR counsel, claiming that his plea counsel and private counsel were ineffective in failing to provide him with discovery and failing to conduct a "a sufficient pre-trial investigation." Defendant also renewed the claim he advanced in his <u>Slater</u> motion, i.e., that plea counsel pressured him to plead guilty because he was concerned his godmother's children would be removed from her custody if he did not admit ownership of the gun seized from his bedroom.

Following oral argument on December 21, 2016, the PCR judge denied defendant's petition in a comprehensive oral decision. In doing so, the PCR judge reviewed defendant's plea colloquy and the claims he asserted in his <u>Slater</u> motion. The judge also set forth the legal authority pertaining to PCR petitions, and applied that authority to defendant's contentions.

Initially, the judge determined most of defendant's claims against plea counsel were procedurally barred because they were "essentially the same claims raised in defendant's motion to withdraw his plea."[1] Citing <u>Rule</u> 3:22-3, which provides that "PCR is not a substitute for a direct appeal," the judge

---

[1] <u>R.</u> 3:22-4. Although it is unclear from our January 14, 2014 order affirming the trial court's judgment, during oral argument at his excessive sentencing appeal, defendant sought a remand regarding the denial of his <u>Slater</u> motion. Nonetheless, we have considered defendant's arguments on the merits, here, as did the PCR judge.

further found defendant "could have appealed the denial of the motion to withdraw his guilty plea to the Appellate Division but failed to do so."

Nonetheless, the PCR judge considered, in great detail, the merits of defendant's claims against plea counsel and private counsel. In particular the judge recognized defendant "failed to present any competent evidence[] . . . that his attorneys performed deficiently or that he suffered legal prejudice from counsel's alleged unreasonable acts or omission." She then addressed each of defendant's claims.

For example, the PCR judge found plea counsel's failure to file motions to suppress evidence and defendant's statement "comport[ed] with [counsel's] sound and effective trial strategy." Defendant "failed to articulate any facts to substantiate his claim that [plea counsel] should have filed these motions." The PCR judge also reiterated the motion judge's findings set forth above, noting defendant's claims concerning coercion were "previously litigated in the context of the motion to withdraw his [guilty] plea." Nonetheless, the PCR judge found defendant's claims lacked merit because defendant would have been exposed to a lengthy prison sentence had he exercised his right to trial on the certain persons charge.

Noting the gun was seized pursuant to a search warrant, and finding defendant failed to articulate any facts that would demonstrate his motions would have been successful, the PCR judge found:

> Even in the context of an ineffective assistance of counsel claim, a defendant still bears the burden of demonstrating that his Fourth Amendment claim is meritorious, [State v.] Goodwin, . . . 173 N.J. [583,] 597 [(2002)], State v. Fisher, 156 N.J. 494, 501 (1988). See also Kimmelman v. Morrison, 477 U.S. 365, 384 (1986). "Failure to file a suppression motion does not constitute per se ineffective assistance of counsel."

Rather, the judge concluded "defendant's bald assertion[s] of innocence are in direct conflict with [his] sworn statement to [the plea judge]" generally acknowledging his guilt and specifically indicating the gun was seized from his bedroom, and "he put it there."

Further, the PCR judge determined defendant did not present any support for his claim that counsel was ineffective for failing to seek a drug program for defendant. In particular, defendant did not provide proof that he was qualified for a drug program or that such a program was available. However, the judge recognized defendant could petition the court for a change in custodial sentence after he completes his mandatory term of parole ineligibility.[2] The PCR judge

---

[2] R. 3:21-10(b)(1).

also found the record belied defendant's contention that plea counsel "reviewed discovery with [him]."

Finally, the PCR judge found defendant's bald assertions neither established a prima facie case of ineffective assistance of counsel nor a likelihood of success on the merits. Accordingly, the judge exercised her discretion pursuant to Rule 3:22-10 and denied defendant's request for a hearing. This appeal followed.

On appeal, defendant raises the following points for our consideration:

POINT I

THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART[ICLE I], PAR[AGRAPH] 10 OF THE NEW JERSEY CONSTITUTION.

A. The Trial Attorneys Failed to Provide the Defendant with a Complete Defense.

B. The Plea Agreement is Null and Void Because the Defendant Was Pressured To Enter a Guilty Plea without Having Sufficient Knowledge About the Facts of His Case.

POINT II

THE DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING.

POINT III

PROCEDURAL BARS DO NOT APPLY.

II.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). Pursuant to Rule 3:22-2(a), a criminal defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey."

"[A] defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012). A defendant must prove counsel's performance was deficient; it must be demonstrated that counsel's handling of the matter "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687-88 (1984); State v. Fritz, 105 N.J. 42, 52 (1987) (adopting the Strickland two-part test in New Jersey).

A defendant must also prove counsel's "deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. Prejudice is established by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Thus, petitioner must establish that counsel's performance was deficient and petitioner suffered prejudice in order to obtain a reversal of the challenged conviction. Id. at 687; Fritz, 105 N.J. at 52.

Further, the mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. See Preciose, 129 N.J. at 462. We review any legal conclusions of the trial court de novo. State v. Nash, 212 N.J. 518, 540-41 (2013); State v. Harris, 181 N.J. 391, 419 (2004).

A-3808-16T4

While, as noted, we disagree with the PCR judge that defendant's claims were barred procedurally, the judge astutely rejected defendant's claims on the merits, giving due deference to counsel's strategy. Here, that strategy was specifically designed to limit defendant's sentencing exposure by obtaining a favorable plea agreement encompassing four open indictments, including weapons and drug offenses. As the PCR judge recounted, there was ample evidence in the record that counsel negotiated a plea agreement that was reasonable in light of defendant's sentencing exposure for the certain persons offense. Indeed, plea counsel successfully negotiated for that sentence to run concurrently to three separate drug counts in three different indictments.

We are satisfied from our review of the record that defendant failed to demonstrate a prima facie showing of ineffectiveness of counsel under the Strickland/Fritz test. We therefore discern no abuse of discretion in the denial of defendant's PCR petition, and affirm primarily for the reasons set forth in the PCR judge's well-reasoned opinion. The judge correctly concluded an evidentiary hearing was not warranted. See Preciose, 129 N.J. at 462-63.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3808-16T4